FILED
3/18/2021 JG
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) <br> ) <br> v. ) <br> ) <br> SANTO LOZOYA, also known as "Saint" ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) | No. 19 CR 357-1 <br><br> Judge Matthew F. Kennelly <br> **MAGISTRATE JUDGE COLE** <br> Violation: Title 18, United States Code, Section 1962(d) <br><br><br> **SUPERSEDING** <br> **INFORMATION** |

The UNITED STATES ATTORNEY charges:

## THE RACKETEERING ENTERPRISE

At times material to this Superseding Information:

1. Defendant, SANTO LOZOYA, also known as "Saint," and others known and unknown, were members and associates of the "Milwaukee Kings" street gang, a criminal organization whose members and associates engaged in acts of violence, including acts involving murder, and which operated in or around the North Side of Chicago, in the Northern District of Illinois, Eastern Division, and elsewhere.

2. The Milwaukee Kings, including its leadership, membership, and associates, constituted an "enterprise," as defined in Title 18, United States Code, Section 1959(b)(2), that is, a group of individuals associated in fact, which was engaged in, and the activities of which affected, interstate and foreign commerce. The

Milwaukee Kings enterprise constituted an ongoing organization whose members functioned as a continuing unit for a common purpose of achieving the objectives of the enterprise.

## STRUCTURE OF THE ENTERPRISE

3. At various times material to this Superseding Information, the structure of the Milwaukee Kings included, but was not limited to, the following:

  a. The Milwaukee Kings were a violent street gang whose members operated on the northwest side of Chicago.

  b. The Milwaukee Kings were organized by sections based on neighborhoods within the Milwaukee Kings territory. The sections were named for street intersections within those neighborhoods and included "Austin and Wrightwood," "Marmora and Altgeld," "Lockwood and Altgeld," and "Huron and Noble." The Milwaukee Kings were organized in a hierarchical fashion, with the overall leader called the "King." The second in command was called the "Prince." Each section leader was called the "Chief," who reports directly to the "Prince." Section members were referred to as "soldiers."

## PURPOSES OF THE ENTERPRISE

4. The purposes of the enterprise included, but were not limited to, the following:

    a. Acquiring, preserving and protecting power, territory, operations, and proceeds for the enterprise through the use of threats, intimidation, and violence, including, but not limited to, murder, attempted murder, assault with a dangerous weapon, assault resulting in serious bodily injury, robbery, and illegal trafficking in controlled substances;

    b. Promoting and enhancing the enterprise and its members' and associates' activities;

    c. Keeping victims, rival gang members, and witnesses in fear of the enterprise and its leaders, members and associates through acts and threats of violence;

    d. Taking steps designed to prevent law enforcement's detection of the enterprise's criminal activities; and

    e. Enriching the leaders, members, and associates of the enterprise through, among other things, the collection of dues and the use of threats, intimidation, and violence.

**RACKETEERING CONSPIRACY**

5. Beginning no later than 2015, and continuing until at least 2017, in the Northern District of Illinois, Eastern Division, and elsewhere,

SANTO LOZOYA, also known as "Saint,"

defendant herein, and others known and unknown, being persons employed by and associated with the Milwaukee Kings, an enterprise, which engaged in, and the activities of which affected, interstate and foreign commerce, knowingly conspired to violate Title 18, United States Code, Section 1962(c), that is, to conduct and participate, directly and indirectly, in the conduct of the affairs of that enterprise through a pattern of racketeering activity consisting of multiple:

    a. Acts involving murder, in violation of Chapter 720, Illinois Compiled Statutes, Sections 5/5-1, 5/5-2, 5/8-1, 5/8-2, 5/8-4, and 5/9-1; and

    b. Offenses involving the illegal distribution of controlled substances, in violation of Title 21, United States Code, Sections 841(a)(1) and 846.

6. It was a further part of the conspiracy that defendant agreed that a conspirator would commit at least two acts of racketeering activity in the conduct of the affairs of the enterprise.

## MEANS AND METHODS OF THE CONSPIRACY

7. It was further part of the conspiracy that the means and methods by which defendant and his associates conducted and participated in the conduct of the affairs of the enterprise included the following:

    a. Defendant and his associates operated and conducted their affairs through a series of rules Milwaukee Kings members were expected to abide by;

    b. Defendant and his associates initiated members through the practice of causing them to endure physical assaults conducted by members of the enterprise at various gang-related gatherings;

    c. Defendant and his associates employed and used gang-related terminology, symbols, color schemes, and gestures;

    d. Defendant and his associates attended meetings at which they discussed, planned, and otherwise engaged in criminal activity, including murder, attempted murder, assault with a dangerous weapon, assault resulting in serious bodily injury, robbery, intimidation, witness tampering, and illegal trafficking in controlled substances;

    e. To enforce discipline and the rules of the enterprise, defendant and his associates engaged in a system of "violations," in which defendant and others physically beat those members of the enterprise who violated the rules, questioned authority, or posed a threat to the leaders or purpose of the enterprise;

   f. To perpetuate the enterprise and to maintain and extend their power, defendant and their associates committed illegal acts, including, but not limited to, murder, attempted murder, assault with a dangerous weapon, assault resulting in bodily serious injury, intimidation, and witness tampering, against individuals who posed a threat to the enterprise or jeopardized its operations, including rival gang members and witnesses to the illegal activities of the enterprise;

   g. To perpetuate the enterprise and to maintain and extend their power, gang leadership issued standing orders to members of the enterprise, including orders to beat up, shoot or kill rival gang members;

   h. Defendant and his associates used threats of violence, violence, intimidation, and retaliatory acts of violence to cause victims and witnesses to not report, and not be truthful about, the gang's criminal acts to law enforcement;

   i. Defendant and his associates operated and conducted their affairs, in part, through a dues, or "box," system in which the members of the enterprise and their associates paid requisite dues to their sections, which the enterprise used for Milwaukee King purposes such as to purchase firearms and controlled substances;

   j. Defendant and his associates used multiple cellular telephones and disposable cellular telephones to communicate with one another concerning and during the commission of the enterprise's illegal activities;

6

k. Defendant and his associates obtained, used, carried, possessed, brandished, and discharged firearms in connection with the enterprise's illegal activities, including, but not limited to, murder, attempted murder, and assault with a dangerous weapon;

l. Defendant and his associates managed the procurement, transfer, use, maintenance, concealment, and disposal of firearms and dangerous weapons within the enterprise to protect their territory, personnel, and operations, and to deter, eliminate, and retaliate against competitors, rival criminal organizations and persons, and individuals suspected of cooperating with law enforcement;

m. Defendant and his associates concealed and hid, and caused to be concealed and hidden, the purposes of the acts done in furtherance of the enterprise, and used coded language and other techniques and other means to avoid detection and apprehension by law enforcement and otherwise to provide security to members and associates of the enterprise;

n. Defendant and his associates monitored law enforcement radio frequencies in order to detect and avoid law enforcement inquiry into their illegal activities;

o. Defendant and his associates possessed, distributed, and possessed with intent to distribute controlled substances in the conduct of the affairs of the enterprise;

p. Defendant and his associates conspired to distribute, distributed, possessed with intent to distribute, and caused to be distributed quantities of controlled substances within Chicago, and elsewhere, and to provide protection for other members engaged in the distribution of controlled substances;

q. Defendant and his associates earned money for their members and financed their activities using funds obtained by the illegal trafficking of controlled substances, including the distribution of and possession with intent to distribute marijuana, cocaine, cocaine base, and heroin;

r. Defendant and his associates shared in the proceeds of the enterprise's illegal activities, including, but not limited to, the illegal trafficking of controlled substances;

s. Defendant and his associates committed murders in the conduct of the affairs of the enterprise including, but not limited to, the following:

  i. The murder of Daniel Guerra by Hector Rojas on or about September 2, 2015;

  ii. The murder of Crispin Coliz by SANTO LOZOYA, and Jose Martinez on or about December 16, 2016; and

      iii.    The murder of Xavier Soto by Pedro Navarro on or about April 27, 2017.

    t.    Defendant and his associates committed attempted murders in the conduct of the affairs of the enterprise, including, but not limited to, the following:

      i.    The attempted murder of Victim 1 by Pedro Navarro on or about April 27, 2017; and

      ii.    The attempted murder of Victim 2 by Pedro Navarro on or about April 27, 2017.

    u.    Defendant and his associates committed assaults with a dangerous weapon and assault resulting in serious injury in the conduct of the affairs of the enterprise.

## NOTICE OF SPECIAL FINDINGS

8.    The murder identified in Paragraph 8(t)(ii) was committed in violation of Chapter 720, Illinois Compiled Statutes, Section 5/9-1(a), in that the named defendant killed the named victim without lawful justification in performing acts which caused the death of the named victim: (a) intending to kill and do great bodily harm to the named victim, and knowing that such acts would cause death to the named victim; and (b) knowing that such acts created a strong probability of death and great bodily harm to the named victim.

9. The murder identified in Paragraph 8(t)(ii) was committed in violation of Chapter 720, Illinois Compiled Statutes, Section 5/9-1(b)(11), in that (a) the murder was committed in a cold, calculated and premeditated manner pursuant to a preconceived plan, scheme and design to take a human life by unlawful means; and (b) the conduct of the named defendant created a reasonable expectation that the death of a human being would result therefrom.

10. The murder identified in Paragraph 8(t)(ii) was committed in violation of Chapter 720, Illinois Compiled Statutes, Section 5/9-1(b)(15), in that (a) the murder was committed as a result of the intentional discharge of a firearm by the named defendant from a motor vehicle; and (b) the named victim was not present within the motor vehicle.

11. The murder identified in Paragraph 8(t)(ii) was committed in violation of Chapter 730, Illinois Compiled Statutes, Section 5/5-8-1(a)(1)(d)(iii), in that the named defendant personally discharged a firearm that proximately caused great bodily harm, permanent disability, permanent disfigurement, and death to another person;

All in violation of Title 18, United States Code, Section 1962(d).

## FORFEITURE ALLEGATION

The UNITED STATES ATTORNEY further alleges:

1. The allegations of this Superseding Information are incorporated here for the purpose of alleging that certain property is subject to forfeiture to the United States, pursuant to Title 18, United States Code, Section 1963.

2. As a result of his violation of Title 18, United States Code, Section 1962(d), as alleged in the foregoing Superseding Information,

SANTO LOZOYA, also known as "Saint,"

defendant herein, shall forfeit to the United States, pursuant to Title 18, United States Code, Section 1963(a)(1), (a)(2), and (a)(3), any interest acquired or maintained in violation of Section 1962; any interest in, security of, claim against, or property or contractual right of any kind affording a source of influence over, any enterprise which the person has established, operated, controlled, conducted, or participated in the conduct of, in violation of Section 1962; and any property constituting, or derived from, any proceeds which the person obtained, directly or indirectly, from racketeering activity or unlawful debt collection in violation of Section 1962.

3. If any of the property described above as being subject to forfeiture pursuant to Title 18, United States Code, Section 1963(a)(1), (a)(2), and (a)(3), as a result of any act or omission of the defendant:

    a. Cannot be located upon the exercise of due diligence;

      b.      Has been transferred to, sold to, or deposited with a third person;

      c.      Has been placed beyond the jurisdiction of the Court;

      d.      Has been substantially diminished in value;

      e.      Has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States to seek forfeiture of substitute property belonging to the defendant under the provisions of Title 18, United States Code, Section 1963(m).

TIMOTHY STORINO
Digitally signed by TIMOTHY STORINO
Date: 2021.03.17 15:39:36 -05'00'

Signed by Timothy J. Storino on behalf of the
UNITED STATES ATTORNEY